# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

U.S.A. vs. Thomas Suprenant

FILED

Docket No. 3:01CR00060(EBB)

2007 JAN 31 A 10:23

### PETITION ON PROBATION AND SUPERVISED RELEASE

      **COMES NOW**, Charmaine R. Harkins, OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Thomas Suprenant who was sentenced to 37 months' imprisonment for a violation of 18 U.S.C. §922(g), Possession of a Firearm by a Convicted Felon, by the Honorable Ellen Bree Burns, Senior United States District Judge, sitting in the court at New Haven, Connecticut on September 12, 2001, who fixed the period of supervision at 3 years which commenced on May 7, 2004 and imposed the general terms and conditions theretofore adopted by the court. Special conditions include: 1) The defendant shall participate in a substance abuse treatment program, either in or outpatient, as directed by the United States Probation Office. The defendant shall pay all or a portion of the costs.

      **RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**
The defendant is being cited for violating the following conditions of supervised release:

Mandatory Condition: "The defendant shall not commit another federal, state, or local crime."

On June 7, 2006, Mr. Suprenant was arrested by the New Britain Police Department and charged with Disorderly Conduct, in violation of Connecticut General Statute 53a-182. According to the attached incident report, Mr. Suprenant was involved in a domestic altercation on May 20, 2006, with his girlfriend and fled the scene. He is scheduled to appear in New Britain Superior Court on February 21, 2007 under docket number CR060228376. He was released on a $500 bond.

Standard Condition: "You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."

During a routine criminal record check made by the Probation Office on November 9, 2006, it was discovered that Mr. Suprenant was charged with the above offense. He failed to notify the U.S. Probation Office of his arrest within the stipulated time frame of 72 hours.

Continued on Page 2.

      **PRAYING THAT THE COURT WILL ORDER** that this petition will serve as a summons directing Thomas Suprenant to appear before this court at in New Haven, Connecticut on <u>February 15, 2007 at 3:00 p.m.</u> to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 31st day of January, 2007 and ordered filed and made a part of the records in the above case.

The Honorable Ellen Bree Burns
Senior United States District Judge

Sworn to By

Charmaine R. Harkins
United States Probation Officer

Place _New Haven, CT_

Date _January 31, 2007_

Before me, the Honorable Ellen Bree Burns, Senior United States District Judge, on this 31st day of January, 2007 at New Haven, CT, U.S. Probation Officer Charmaine R. Harkins appeared and under oath stated that the facts set forth in this petition are true to the best of her knowledge and belief.

The Honorable Ellen Bree Burns
Senior United States District Judge

Page 2.

<u>Standard Condition</u>: "You shall notify the probation officer ten days prior to any change in residence or employment."

Upon receipt of the arrest report and the offender's pay record on December 14, 2006, it was discovered that Mr. Suprenant has been living at 129 Pleasant Street in New Britain, Connecticut, not in Manchester, Connecticut as he had reported to the Probation Office. He also informed the Court on January 24, 2007 that he now lives in Bristol, Connecticut with his brother.

<u>Mandatory Condition</u>: "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter."

During his office visit on December 14, 2006, Mr. Suprenant was informed that a urinalysis test would be taken. He left the office stating that he needed to get some coffee but failed to return. A message was subsequently left at his last known address, instructing him to report to the probation office for a urinalysis on December 15, 2006. Mr. Suprenant failed to report as instructed. He also failed to report for a random urinalysis on January 4, 2007. Mr. Suprenant tested positive on December 22, 2006 for Hydrocodone and Hydromorphone. The U.S. Probation Office as well as the Court requested that the provide prescription information. This information is awaited. On January 24, 2007, Mr. Suprenant rendered a positive urine specimen for cocaine.